NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1697
_____

UNITED STATES OF AMERICA

v.

ROSS PURDY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00081-001)
District Judge:  The Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, Circuit Judges.

(Filed:  June 20, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Ross Purdy appeals his sentence resulting from his plea of guilty to a count of possession of a firearm as an armed career criminal, in violation of 18 U.S.C. § 922(g) and 924(e). Purdy was sentenced to 180 months' imprisonment, the mandatory penalty under the Armed Career Criminal Act. Counsel for Purdy has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and requested leave to withdraw. Because we are satisfied that there are no non-frivolous issues which Purdy may appeal, we will affirm the District Court's sentence and grant Purdy's counsel leave to withdraw.

I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. Purdy pleaded guilty pursuant to a plea agreement, in which the parties stipulated that he would receive a sentence of 180 months' imprisonment. The District Court held a sentencing hearing at which it found the advisory guidelines calculation accurate, disposed of all objections, and sentenced Purdy to 180 months' imprisonment.

Purdy filed a timely notice of appeal. Counsel filed an *Anders* brief and requested leave to withdraw. Purdy was given the opportunity to file a brief *pro se*, but has not done so.

II.

When a court-appointed appellate counsel can identify no non-frivolous issues for appeal, she must "so advise the Court and request permission to withdraw," accompanying her request with a brief "referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. This brief must show that counsel

"scoured the record in search of appealable issues" and explain why any issues identified are "frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We must then determine whether counsel "adequately fulfilled the rule's requirements" and whether "an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). However, when the *Anders* brief appears adequate, we limit our scrutiny to those issues and portions of the record identified by the brief. *Id*. at 301.

Here, counsel's *Anders* brief appears adequate. Counsel has identified three possible issues: the jurisdiction of the court to hear the case; the knowingness and voluntariness of Purdy's guilty plea; and the reasonableness of Pudy's sentence. In each instance, we agree with counsel that the issue is frivolous. Purdy pleaded guilty to a violation of the law of the United States, namely, 18 U.S.C. § 922(g), 924(e). Because the violation of this law occurred in Harrisburg, Pennsylvania, the Middle District of Pennsylvania had jurisdiction under 18 U.S.C. § 3231. The District Court conducted an adequate colloquy to assure that Purdy understood the nature and consequences of his plea. *See, e.g., Iowa v. Tovar*, 541 U.S. 77, 92 (2004). Finally, the District Court properly considered the factors specified in 18 U.S.C. § 3553(a) before sentencing Purdy to a term of imprisonment within the range which he himself had indicated would be appropriate.

III.

For the foregoing reasons, we affirm the sentence of the District Court and grant defense counsel permission to withdraw from the case. We find that counsel has

adequately shown that there are no non-frivolous appealable issues and our independent review of the record reveals that there are no appealable issues of merit. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court of the United States. *See* Third Circuit Local Rule 109.2(b).